# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
September 28, 2004 Session

## STATE OF TENNESSEE v. DION A. RUSSELL

**Direct Appeal from the Criminal Court for Sullivan County**
No. S45067     **Phyllis H. Miller, Judge**
No. S48064     **R. Jerry Beck, Judge**

---

**No. E2003-02346-CCA-R3-CD - Filed December 15, 2004**

---

On this consolidated appeal, the defendant challenges the manner and consecutive nature of his sentences. After analyzing the issues properly before us, we conclude that the trial court did not err in revoking the defendant's probation on the former sentence or in denying him probation on the latter. Further, we hold the consecutive sentences to be warranted and proper in this instance. Therefore, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

A. Philip Lomonaco, Knoxville, Tennessee, for the appellant, Dion A. Russell.

Paul G. Summers, Attorney General and Reporter, and Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts

This appeal consolidates two cases: one involving drug possession charges and traffic violations, and the other, aggravated perjury. On September 25, 2001, the defendant, Dion Russell, was indicted on one count each of possession of a Schedule III controlled substance (Dihydrocodenone) for resale, possession of a Schedule VI controlled substance (marijuana), possession of drug paraphernalia, failure to give a proper signal, and violation of the light law. Following a jury trial before Judge Phyllis H. Miller, the defendant was found guilty of the lesser included offense of possession of a controlled substance, a Class A misdemeanor; possession of marijuana, a Class A misdemeanor; possession of drug paraphernalia, a Class A misdemeanor; and violation of the light law, a Class C misdemeanor. He was sentenced to two consecutive sentences

of eleven months, twenty-nine days on the drug possession charges, with the remaining sentences running concurrently. The judgments were filed on December 6, 2002. On January 3, 2003, the defendant's trial counsel filed a Motion for New Trial based primarily on what counsel alleged was his own ineffective assistance at trial. Shortly thereafter, the defendant retained new counsel who filed a Motion to Reconsider Sentence and/or Amend[ed] Motion for New Trial on February 28, 2003.

On April 11, 2003, Judge Miller granted the defendant's motion and reconsidered the previously issued sentence. Following a hearing, the court placed the defendant on supervised probation and allowed him to serve his consecutive sentences in the Brown Annex, an alternative sentencing program. Additionally, the minutes of the court reflect that the defendant orally withdrew his Motion for New Trial at that time. On April 22, 2003, amended judgments were filed, reflecting the grant of probation and alternative sentencing. Approximately two months later, the State filed a Motion to Revoke Probation or to Reconsider Sentence, claiming that the defendant had perjured himself at the resentencing hearing by answering negatively when asked if he had used marijuana in the preceding months. In support of the motion, the State submitted the positive results of a drug screen administered on the day of the hearing.

On September 12, 2003, the defendant pled guilty, before Judge R. Jerry Beck, to aggravated perjury, a Class D felony, stemming from the testimony given at the resentencing hearing.[1] At that time, the court issued a sentence of two years incarceration, consecutive to the previous sentences issued by Judge Miller. On the same day, the defense filed a Notice of Appeal challenging the perjury sentence, which was amended on October 13, 2003. The judgment was entered and filed on September 24, 2003.

On September 26, 2003, Judge Miller revoked the defendant's probation on the initial charges and reinstated the original effective sentence of twenty-three months, twenty-eight days confinement, at seventy-five percent release eligibility; contemporaneously, the defense filed a Notice of Appeal. The revocation order issued by Judge Miller was filed on October 20, 2003.

On appeal, the defendant argues that the sentences for all charges should be served on probation or, in the alternative, that the sentences should be concurrent rather than consecutive.

**Analysis**

Initially, we note that the court's findings at the initial sentencing hearing, conducted on December 6, 2002, are not properly before us because no timely notice of appeal was filed to preserve this issue for our review. Generally, an appeal as of right is commenced by the filing of a notice of appeal within thirty days of the entry of the judgment being appealed. Tenn. R. App. P. 4(a). However, if a motion for new trial is pending, the time for appeal is tolled until the disposition of the motion. Tenn. R. App. P. 4(c). Although the defendant in the present case filed a timely

---

[1] Because Judge Miller was a potential witness in the perjury proceedings, the matter was transferred to and heard before Judge R. Jerry Beck.

Motion for New Trial, the record reflects that this motion was orally withdrawn at the defendant's resentencing hearing, thus commencing the time for filing the notice of appeal. The record further reflects that the defendant did not file a notice of appeal within the requisite time period thereafter; thus, we will not entertain a challenge of the original sentence of twenty-three months and twenty-eight days issued by Judge Miller in December 2002.

That being stated, we do find that the defendant did, in fact, file timely notices of appeal with regards to the revocation of his probation on the drug possession charges and as to the manner and consecutive nature of his sentence for aggravated perjury. As such, these issues are properly before us, and our analysis will be confined to them.

Drug Possession Charges

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311 (2004). Moreover, the decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Thus, revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community correction sentence has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acted arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

In the present case, the trial court granted the defendant's Motion to Reconsider Sentence by placing him on supervised probation and allowing him to serve his consecutive sentences in an alternative sentencing program. However, this attempt at rehabilitation failed, in essence, before it began when the defendant committed perjury at the resentencing hearing by testifying that he had not recently used marijuana when, in fact, he tested positive for drugs that very day. At the revocation hearing, the court initially noted that the defendant's record was "a mile long," and that, although he had the ability to do so, the defendant had failed to complete his GED while on probation. The court further noted that the truth is "the most basic thing" and that the defendant disregarded this fundamental premise of our criminal justice system when he committed perjury. In sum, the court found that the defendant's extensive record, as well as his lack of candor, justified the revocation of his probation.

We hold that the trial court's decision to revoke probation was amply supported in the record. Because the court did not abuse its discretion in revoking the defendant's probation and reinstating the sentences on the drug possession charges, we affirm.

<u>Aggravated Perjury</u>

Next, we address the manner of sentence in the perjury case. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (2004). A trial court must presume that a defendant sentenced to eight years or less, and for whom incarceration is not a priority, is subject to alternative sentencing. <u>State v. Byrd</u>, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. <u>Id.</u> at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-303(b) (2004); <u>State v. Boggs</u>, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; <u>State v. Hartley</u>, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing that the sentence imposed is improper and that full probation will be in the best interest of the defendant and the public. <u>State v. Baker</u>, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. <u>State v. Grear</u>, 568 S.W.2d 285, 286 (Tenn. 1978); <u>State v. Boyd</u>, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. <u>State v. Nunley</u>, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. <u>State v. Moss</u>, 727 S.W.2d 229, 235 (Tenn. 1986).

Our review of the defendant's sentence is *de novo* on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2004). When the trial court follows the statutory sentencing procedure and gives due consideration and proper weight to the factors and principles relevant to sentencing, this Court may not disturb the sentence. <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In the instant matter, the trial court considered the applicable sentencing principles and initially noted that it was "[r]equired to put the good factors on a scale and weigh them against any bad factors." In first addressing the factors favoring the defendant, the court found that he was employed, paid child support, was working toward a GED, and had done "okay" on probation. However, in assessing the factors weighing against probation, the court again gave great weight to the defendant's extensive criminal record, which included "[a] serious record as a juvenile," and no less than fourteen prior occasions in which the defendant received a suspended sentence or probation. Further, the court found that the prior violent felony of aggravated assault and the present

felony charge of aggravated perjury additionally weighed against granting probation to the defendant. In sum, the trial court found that "[t]he unfavorable factors heavily outweigh[ed] any favorable factors" and thus denied the defendant probation.

We conclude that the defendant's prior record, along with his admitted lack of candor before the court, more than justify the trial court's denial of probation. Therefore, we are persuaded that the trial court properly ordered confinement on the aggravated perjury charge, and we will not disturb its decision.

Alternatively, the defendant argues that the sentences should be concurrent rather than consecutive. However, the record shows that the defendant signed a Request for Acceptance of Plea of Guilty and Waiver of Rights which stated that the perjury sentence would be consecutive to the sentences previously issued. The defendant cannot now complain about a sentence to which he had agreed as part of his plea bargain agreement with the State. Moreover, it appears that the defendant was on bail at the time he committed aggravated perjury. Therefore, Tennessee Rule of Criminal Procedure 32(c)(3)(C) applies, mandating a consecutive sentence "for a felony where the defendant was released on bail and the defendant is convicted of both offenses." Thus, we conclude that the trial court properly issued a consecutive sentence.

## Conclusion

Based on the foregoing and the record as a whole, the sentences imposed by the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE